FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 NOV 16 AM 11:38
LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CALVIN MALVEAUX and CORINE MALVEAUX** — **CIVIL ACTION**

**NO: 06-5627**

**VERSUS**

**BOIS D'ARC ENERGY AND CAPT. BARRY, L.L.C.** — **SECTION "K" (JUDGE DUVAL)**

**MAG. 5 (MAG. CHASEZ)**

## PLAINTIFF SECOND SUPPLEMENTAL AND AMENDED COMPLAINT FOR DAMAGES

NOW INTO COURT, comes the plaintiffs, CALVIN MALVEAUX and CORINE MALVEAUX, persons of the age of majority domiciled and residing in the Parish of Iberia and State of Louisiana who respectfully supplement and amend their original Petition for Damages and First Supplemental and Amending Complaint as follows:

1.

This action arises as a Federal question, 28 USC 1331, specifically it arises under the Outer Continental Shelf Lands Act of the United States, more particularly 43 USC 1331, et seq., as will more fully appear hereafter. Jurisdiction is conferred by that Act particularly by 43 USC 1333(2)(A).

2.

Named as defendants herein are the following corporations authorized to do and doing business in the State of Louisiana which

___ Fee
___ Process
X Dktd
___ CtRmDep
___ Doc. No.

do business and have significant contacts within the Eastern District of Louisiana in accordance with 28 USC 1391(c):

    **(1)** **BOIS D'ARC ENERGY, INC.**, a foreign corporation authorized to do and doing business in the State of Louisiana;

    **(2)** **CAPT. BARRY, L.L.C.**, upon information and belief a domestic corporation authorized to do and doing business in the State of Louisiana with their principal place of business and domicile in Terrebonne Parish, Louisiana;

    (3) **EAGLE CONSULTING, L.L.C.**, upon information and belief a domestic corporation authorized to do and doing business in the State of Louisiana with their agent for service of process: Michael J. Jeansonne, 1800 Carol Sue Ave., Ste. 7, Gretna, La 70056;

    (4) **LINBAR MARINE, INC.**, upon information and belief a domestic corporation authorized to do and doing business in the State of Louisiana with their agent for service of process: Barry J. Belanger, 105 Dolphin Drive, Montegut, Louisiana 70377.

<p align="center">3.</p>

Plaintiffs reiterate all allegations, claims, demands and prayers asserted in their original Petition for Damages and their First Supplemental and Amending Petition for Damages.

<p align="center">4.</p>

At all times pertinent herein, the damages and injuries suffered by the plaintiffs were caused by the fault of the defendants, BOIS D' ARC ENERGY, INC., CAPT. BARRY, L.L.C., EAGLE CONSULTING, L.L.C., and LINBAR MARINE, INC. The defendants are joint and/or solidary obligors pursuant to La.C.C.Art. 2324. The defendants are liable unto the plaintiff pursuant to La.C.C.Art. 2315, 2317, and 2320.

5.

On or about February 24, 2006, plaintiff, CALVIN MALVEAUX was employed by Dynamic Industries, Inc. as a rigger on an oil production platform located in Ship Shoal 114 in the Gulf of Mexico approximately 18 nautical miles south of Terrebonne Parish, Louisiana. Upon information and belief, this platform was owned and operated by the defendant, BOIS D' ARC ENERGY, INC.

6.

On or about February 24, 2006, the plaintiff, CALVIN MALVEAUX was being lowered from the platform in a personnel basket by the use of a platform crane operated by a person believed to be employed by the defendant, EAGLE CONSULTING, L.L.C. and/or BOIS D' ARC ENERGY. The plaintiff was being lowered onto a vessel named the M/V Capt. Barry, who upon information and belief was being operated by a crew employed by the defendant, LINBAR MARINE, INC.

7.

At or about that same time, the operator of the crane lowered the personnel basket to such a level that when the vessel dropped the basket remained approximately 3-5 feet above the deck.

8.

At or about that same time, CALVIN MALVEAUX was attempting to unload himself off of the basket when suddenly and without warning the vessel dropped from underneath him and the position of the basket caused him to fall backwards onto the deck of the vessel.

9.

The accident was the result of the negligence, strict liability, vicarious liability and/or fault of the defendant, BOIS D' ARC ENERGY, INC. and/or their employees and includes the following non-exclusive particulars:

- (a) Failing and/or refusing to provide the Plaintiff with a safe place to work;

- (b) Failing to provide proper instruction and/or training to its employees in the operation of the crane used to transfer the plaintiff in this matter;

- (c) Failing to operate the crane in a safe and prudent manner;

- (d) Failing to observe and see what should have been seen;

- (e) Failing to take reasonable and necessary precautions to avoid this accident;

- (f) Transferring personnel in dangerous sea conditions;

- (g) Other acts that may be discovered during the discovery process.

10.

The accident was the result of the negligence, strict liability and/or fault of the defendants, CAPT. BARRY, L.L.C. and/or their employees and upon information and belief includes the following non-exclusive particulars:

- (a) Failing to provide a seaworthy vessel;

- (b) Failing to provide a safe place to work;

- (c) Failing to communicate with the platform crane operator relative to the personnel transfer being performed at the time of the accident;

4

(d) Failure to maintain the position of the vessel;

(e) Failing to warn and/or instruct the crane operator to slow the descent of the personnel basket;

(f) Failing to warn and/or instruct the crane operator to stop the descent of the personnel basket to prevent the accident that forms the basis of this lawsuit;

(g) Failing to designate and/or instruct a crewmember to act as a flagman to the platform crane operator;

(h) Failing to provide proper instruction and/or training to its employees in personnel transfer using a crane and personnel basket;

(i) Failing to observe and see what should have been seen;

(j) Failing to take reasonable and necessary precautions to avoid this accident;

(k) Other acts that may be discovered during the discovery process.

11.

The accident was the result of the negligence and/or fault of the defendant, EAGLE CONSULTING, L.L.C. and/or their employees and includes the following non-exclusive particulars:

(a) Failing to provide proper instruction and/or training to its employees in the operation of the crane used to transfer the plaintiff in this matter;

(b) Failing to operate the crane in a safe and prudent manner;

(c) Failing to observe and see what should have been seen;

(d) Failing to take reasonable and necessary precautions to avoid this accident;

(e) Transferring personnel in dangerous sea conditions;

(f) Other acts that may be discovered during the discovery

process.

12.

The accident was the result of the negligence, strict liability and/or fault of the defendants, LINBAR MARINE, INC. and/or their employees and upon information and belief includes the following non-exclusive particulars:

(a) Failing to communicate with the platform crane operator relative to the personnel transfer being performed at the time of the accident;

(b) Failure to maintain the position of the vessel;

(c) Failing to provide a seaworthy vessel;

(d) Failing to provide a safe place to work;

(e) Failing to warn and/or instruct the crane operator to slow the descent of the personnel basket;

(f) Failing to warn and/or instruct the crane operator to stop the descent of the personnel basket to prevent the accident that forms the basis of this lawsuit;

(g) Failing to designate and/or instruct a crewmember to act as a flagman to the platform crane operator;

(h) Failing to provide proper instruction and/or training to its employees in personnel transfer using a crane and personnel basket;

(i) Failing to observe and see what should have been seen;

(j) Failing to take reasonable and necessary precautions to avoid this accident;

(k) Other acts that may be discovered during the discovery process. Plaintiff contends that he did not in any way cause and/or contribute to his accident and/or related injuries.

13.

As a result of the accident caused by the Defendants, the Plaintiff sustained serious injuries to his body, including but not limited to his neck, left arm, left leg, left upper and lower extremities.

14.

Plaintiff itemizes his damages as follows:

(a) Past, present and future severe physical pain and suffering;

(b) Past, present and future mental anguish, emotional distress, psychological trauma, depression and post traumatic stress;

(c) Past, present, future loss of enjoyment of life;

(d) Residual physical and functional impairment;

(e) Loss of insurability and/or increase in premiums for insurance directly related to this injury;

(f) Past, present and future medical expense, pharmaceutical expense, therapy expense and vocational rehabilitation;

(g) Past, present and future loss of earnings;

(h) Loss and/or diminution of earning capacity;

(i) Loss of benefits.

15.

At all times pertinent herein, the plaintiffs, CALVIN MALVEAUX and CORINE MALVEAUX were husband and wife.

16.

As a result of the aforementioned accident and injuries suffered by the plaintiff, CALVIN MALVEAUX, the plaintiff, CORINE

7

MALVEAUX has suffered a loss of services, loss of society and loss of consortium.

WHEREFORE, the Plaintiffs, CALVIN MALVEAUX and CORINE MALVEAUX respectfully prays that the Defendants, BOIS D' ARC ENERGY, INC., CAPT. BARRY, L.L.C., EAGLE CONSULTING, L.L.C. and LINBAR MARINE, INC. be duly cited to appear and answer herein; that upon final trial hereof, that there be judgment rendered herein in favor of the Plaintiffs, CALVIN MALVEAUX and CORINE MALVEAUX and against the Defendants, BOIS D' ARC ENERGY, INC., CAPT. BARRY, L.L.C., EAGLE CONSULTING, L.L.C. and LINBAR MARINE, INC. in all amounts just and reasonable under the premises together with pre and post judgment interest at the legal rate allowed by law from the date of filing, all costs of said proceedings, attorney fees if applicable and all further relief at law and equity to which the Plaintiffs may show themselves to be justly entitled.

        Respectfully submitted:

        DUCK LAW FIRM, L.L.C.

        KEVIN R. DUCK (23043)
        1326 W. Pinhook Road, Ste. 101
        P.O. Box 2967
        Lafayette, La 70502-2967
        (337) 269-8850; Fax: 269-9077
        Lead counsel for Plaintiff

<div style="text-align: right">
LAW OFFICE OF MARK ARTALL

*/s/ Mark G. Artall*

MARK G. ARTALL (21227)  
Attorney at Law  
111 E. Main Street  
Ste. 108  
Lafayette, La 70502-2309  
(337) 233-1777  
Co-counsel for Plaintiff
</div>