UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN AND CORRINE MALVEAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5627** |
| **BOIS D'ARC ENERGY, ET AL.** | **SECTION "K" (5)** |

### ORDER AND REASONS

Before the Court is Eagle Consulting, LLC's Motion for Summary Judgment. Rec. Doc. 35. Plaintiffs filed an Opposition. Rec. Doc. 36. The Motion came for hearing without oral argument on December 12, 2007, and was submitted on the briefs. The Court having considered the record, the memoranda and arguments of the parties, the law and applicable jurisprudence is fully advised in the premises and ready to rule.

### I.     BACKGROUND

On February 24, 2006, Calvin Malveaux (hereinafter, Malveaux) was injured during his transportation via a crane personnel basket from Bois D' Arc's platform to the crew boat, the CAPT. BARRY. At the time of the accident, the crane was operated by Kirk Trosclair, an employee of Eagle Consulting, LLC.

Malveaux and his wife, Corrine, filed suit in the Louisiana 32nd Judicial District Court, Parish of St. Bernard, alleging that the negligence of the crew boat and the platform owner caused them injuries entitling them to damages.[1] The action was removed to this Court on August 30, 2006. Rec. Doc. 1. Plaintiffs amended their original Petition for Damages and added Defendants, Eagle Consulting, LLC (hereinafter, Eagle) and Linbar Marine, Inc. (hereinafter, Linbar). Eagle is alleged to have been the employer of the crane operator and Linbar is alleged to have been the operator of

---

[1] Corrine Malveaux's claim is for loss of consortium, service, and society.

the crew boat at the time of the accident. The amended complaint alleges that these entities are liable for their negligence. Rec. Doc. 8.

Eagle filed the instant Motion arguing that there are not any genuine issues of material fact regarding their lack of liability to the Plaintiffs. Eagle asserts that the amended complaint alleges that they are liable for: (1) "transferring personnel in dangerous conditions;" and for (2) "failing to operate the crane in a safe and prudent manner." Rec. Doc. 35 at p. 2. Relying on deposition testimony, Eagle argues that Plaintiffs cannot meet their burden of proof in demonstrating that the conditions were dangerous or that its operator failed to operate the crane in a safe and prudent matter. Rec. Doc. 35. Thus, Eagle argues they are entitled to summary judgment as a matter of law.

Plaintiffs counter that there are many facts in dispute regarding the condition of the sea at the time of the accident precluding summary judgment. As to the issue of Eagle's negligence in operating the crane, Plaintiffs assert that the evidence shows that Eagle is solely at fault for the accident because its crane operator acted negligently and did not operate the crane in a safe manner. Therefore, summary judgment should be denied. Rec. Doc. 26.

**II.    LAW AND ANALYSIS**

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996) *citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th

Cir.). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. *See Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Rather, the non-movant must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.* In evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255.

The Court begins with Eagle's argument that, as matter of law, the sea did not present a dangerous condition on the date of the accident. In support, Eagle relies upon the deposition excerpts of the Captain of the crew boat, Captain Lapeyrouse. He testified that the sea conditions were not dangerous as the sea was not choppy nor rolling from side to side. *See* Exhibit "2" attached to Rec. Doc. 35. Captain Lapeyrouse also testified that he would not have allowed the transfer to go forward if he considered the conditions unsafe or if he thought something was wrong with the process. *See* Exhibit "2" attached to Rec. Doc. 35.

In response, Plaintiffs attach the expert report of Robert Borison attesting that the accident was the fault of the crane operator for, *inter alia,* failing to operate the basket correctly in accordance with the rough wave conditions. Exhibit "1" attached to Rec. Doc. 40. Plaintiffs also rely upon the deposition testimony of Kirk Trosclair providing that it was his responsibility to maintain control over Malveaux from the time he stepped onto the basket to the time he landed on the boat. Exhibit "1B" attached to Rec. Doc. 40. Plaintiffs argue that by relying on the testimony of Captain Lapeyrouse, Eagle is shifting the blame from Trosclair to the Captain.

After reviewing the summary judgment evidence submitted by both parties, the Court finds that there are facts in dispute concerning whether or not the wave conditions at the time of the accident amounted to a dangerous condition. Captain Lapeyrouse testified he would have taken control of the transfer if he felt that the conditions were dangerous yet the crane operator testified it was his responsibility to maintain control of the basket from the time Malveaux stepped onto the basket until the time he safely stepped off the basket onto the boat. As such, there is an issue of fact as to who was responsible for determining whether or not the conditions were such that the transfer could not be safely performed and summary judgment is therefore denied.

Eagle next argues that it is entitled to summary judgment as a matter of law finding that it did not breach any duty to Malveaux. Eagle submits that the deposition testimony shows that the basket was placed on the deck prior to Malveaux's fall and that after the basket was placed on the deck, Malveaux continued to hold onto the basket rather than step off as he should have. Rec. Doc, 35 at p. 8. Thus, because Eagle's duty is to ensure only that the basket is placed on the deck and that is what its operator did in this instance, there are not any facts in dispute as to Eagle's lack of negligence. Rec. Doc. 35 at p. 8.

Plaintiffs do not dispute that the basket touched the deck of the boat; rather, they suggest the facts show that it was the crane operator's fault in failing to set the personnel basket on the deck during a crest in the wave pattern. This failure, Plaintiffs argue, caused the boat to fall out from underneath the personnel basket. Plaintiffs urge Malveaux was preparing to step off of the basket when the boat fell out from underneath him and he lost his balance causing him to hold onto the netting of the basket to keep him from falling. However, the netting collapsed and Malveaux fell. Plaintiffs assert the netting collapse resulted from the crane operator letting out too much slack in

the load line. Rec. Doc. 40 at pp. 6-7. In support of this version of events, Plaintiffs rely on deposition testimony of eyewitnesses and their expert's report.

Plaintiffs also argue that the crane operator's failure to properly evaluate and time the rhythm and movement of the vessel as well as his setting the personnel basket in the low point of the wave allowing the boat to rise on a swell and strike the personnel basket amount to negligence. Rec. Doc. 40 at p. 7. In support, Plaintiffs rely on the affidavit of their expert. *See* Exhibit "1" attached to Rec. Doc. 40. Plaintiffs also point out that Malveaux testified only that he could not recall any complaints that he had with the operator's control of the basket in connection with the speed used to lower him to the deck. This statement, they assert, is contrary to Eagle's assertion that Plaintiff had no complaints with the crane operator's execution. Rec. Doc. 40 at p. 8. Further, Plaintiffs point out that the operator's factual version of the events is different than that of other eyewitnesses. See Rec. Doc. 40 at p. 10. For example, Plaintiffs point out that: (1) the operator could not recall when he lowered the basket but the testimony of the Captain and Jason Authement (another Eagle employee) indicate that the personnel basket was lowered while the boat was in a low point of the wave; (2) the operator testified that Malveaux never took his foot off the basket as it approached the deck, however, Jason Authement testified that Malveaux took his left foot off the basket at the same time the boat dropped out from underneath him; and (3) the operator testified that the basket hit the deck of the transfer and continued to let out line, however, Jason Authement testified that the crane operator stopped in the low point of the wave the boat came back up in the swell striking the basket. Rec. Doc. 40 at p. 10.

The second amended complaint alleges that Eagle is liable for acts of negligence, including but not limited to: failing to provide proper instruction and training; failing to operate the crane and

a safe and prudent manner; failing to observe and see what should have been seen; failing to take reasonable and necessary precautions to avoid the accident, and transferring personnel in dangerous sea conditions. Rec. Doc. 8 at paragraph 11. Based upon the evidence presented to this Court, there are a number of factual issues that preclude this Court finding as a matter of law that Eagle's operator was without fault for the accident and injuries sustained by Plaintiffs. Thus, Eagle's summary judgment is **DENIED.**

Accordingly,

**IT IS ORDERED** that Eagle Consulting, LLC's Motion for Summary Judgment, Rec. Doc. 35, is **DENIED.**

New Orleans, Louisiana, ___9th___ day of May, 2008.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**