UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CALVIN AND CORRINE MALVEAUX**                            **CIVIL ACTION**

**VERSUS**                                                                                                   **NO. 06-5627**

**BOIS D'ARC ENERGY, ET AL.**                                 **SECTION "K" (5)**

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion for Summary Judgment. Rec. Doc. 37. Defendant, Eagle Consulting, LLC filed an Opposition. Rec. Doc. 60. The Motion came for hearing without oral argument on December 12, 2007, and was submitted on the briefs. The Court having considered the record, the memoranda and arguments of the parties, the law and applicable jurisprudence is fully advised in the premises and ready to rule.

**I.    BACKGROUND**

On February 24, 2006, Calvin Malveaux (hereinafter, Malveaux) was injured while being transported via a crane personnel basket from Bois D' Arc's platform to the crew boat, the CAPT. BARRY. At the time of the accident, the crane was operated by Kirk Trosclair.

Malveaux and his wife, Corrine, filed suit in the Louisiana 32nd Judicial District Court, Parish of St. Bernard, alleging that the negligence of the crew boat and the platform owner caused them injuries entitling them to damages.[1] The action was removed to this Court on August 30, 2006. Rec. Doc. 1. Plaintiffs amended their original Petition for Damages and added Defendants, Eagle Consulting, LLC (hereinafter, Eagle) and Linbar Marine, Inc. (hereinafter, Linbar). Eagle is alleged to have been the employer of the negligent crane operator and Linbar is alleged to have been the operator of the crew boat at the time of the accident. The amended complaint alleges that these

---

[1] Corrine Malveaux's claim is for loss of consortium, service, and society.

entities are liable for their negligence.  Rec. Doc. 8.

     Plaintiffs filed the instant Motion arguing that there is no genuine issue of material fact surrounding Eagle's fault.  In support, Plaintiffs attach deposition transcripts establishing that the crane operator, Kirk Trosclair, was employed by Eagle at the time of the accident and was operating the crane at that time.  Additionally, Plaintiffs attach an expert report from Robert Borison opining that the cause of the accident was the negligence of Kirk Trosclair in operating the crane and personnel basket, in failing to follow applicable regulations and in failing to be familiar with the specifications and design components of the personnel basket.  *See* Exhibit "B" attached to Rec. Doc. 37.  Accordingly, Plaintiffs argue they are entitled to a judgment as a matter of law finding that Eagle is liable for their injuries.  Rec. Doc. 37.

     Eagle counters that summary judgment is not appropriate because Robert Borison's opinions are "irrelevant, wrong and unsupported" and therefore, are not competent summary judgment evidence.  Rec. Doc. 60 at p. 4.  Alternatively, Eagle suggests that the Motion is not ripe because they learned of Plaintiffs' liability expert's opinions for the first time upon receiving the expert's affidavit attached to Plaintiffs' Motion.  Rec. Doc. 60.  Thus, Eagle requests that the Motion be denied without prejudice so that it can depose Plaintiffs' expert as well as provide Plaintiffs with its expert report which is not due until August 2008.  Rec. Doc. 60 at p. 2.  Finally, Eagle argues that regardless of Plaintiffs' expert's opinion, the facts show that the accident did not occur, as Plaintiffs contend, because of the fault of the crane operator but rather occurred based upon the sole fault of Malveaux.  Therefore, Eagle requests that this Motion be denied and that its pending Motion for Summary Judgment be granted.

## II.   LAW AND ANALYSIS

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.,* 76 F.3d 651, 655-56 (5th Cir. 1996) *citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. *See Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Rather, the non-movant must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.* In evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255. FRCP Rule 56(f), allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery. *Celotex Corp.,* 477 U.S. at, 326.

Plaintiffs' Motion for Summary Judgment is not ripe for consideration and is **DENIED**. In support of its Motion, Plaintiffs attach the affidavit of a liability expert revealed to Eagle for the first time with service of this summary judgment and which expert Eagle has not had the opportunity to depose. Further, the scheduling order sets a deposition deadline of September 12, 2008 and a

defense expert report deadline of August 1, 2008; thus, there can be no finding made that Eagle has been dilatory in taking this expert's deposition or in getting their expert's lined up to review Plaintiffs' expert's opinion. Because Eagle has not had the opportunity to fully conduct discovery as to the opinions rendered by Plaintiffs' expert due to no fault of Eagle, Plaintiffs' Motion is DENIED so that Eagle has an opportunity to make full discovery.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Summary Judgment (Rec. Doc. 37) is **DENIED.**

New Orleans, Louisiana, this ___9th___ day of May, 2008.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**